UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:26-cv-00420

| | |
|---|---|
| DONALD MABORY MILLION and TAILORMADE PROTECTIVE SERVICES & COMPANY POLICE, LLC f/k/a TAILORMADE PROTECTIVE SERVICES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VIVINT LLC and JOVANI MOISES ALVELO-DAVIDIUK,<br><br>Defendants. | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446 (Diversity Jurisdiction)**<br><br>Gaston County Superior Court File No. 26CV003364-350 |

Defendant Vivint, LLC ("Vivint"), by counsel, hereby notices the removal of the above-captioned case from the General Court of Justice, Superior Court Division, of the County of Gaston, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this removal, Vivint states as follows:

1. On April 24, 2026, Plaintiffs Donald Mabory Million ("Million") and Tailormade Protective Services & Company Police, LLC f/k/a Tailormade Protective Services, LLC ("Tailormade") (collectively, "Plaintiffs"), commenced this action with the issuance of a summons and the filing of a verified complaint in the General Court of Justice, Superior Court Division, of the County of Gaston, North Carolina (File No. 26CV003364-350).

2. Vivint was served with a copy of the summons and complaint via Certified Mail on April 29, 2026. Pursuant to 28 U.S.C. § 1446(b), a copy of the Summons and Complaint are attached at **Exhibit A**. On May 6, 2026, Plaintiff served an Affidavit of Service as to Vivint on Vivint. A copy of the Affidavit of Service is attached as **Exhibit B**.

3. No other process, pleadings, or orders have been served on Vivint in this proceeding.

4. Vivint files this Notice of Removal pursuant to 28 U.S.C. § 1446. This notice of removal is being filed with the Court within 30 days of receipt of Complaint as required by 28 U.S.C. § 1446(b). The time for removing to federal court has not expired. All Defendants who have been properly joined and served consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

5. In compliance with 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of Courts of the General Court of Justice, Superior Court Division, of the County of Gaston, North Carolina and written notice will be served on counsel for Plaintiffs. A copy of the Notice of State Court Removal to Federal Court (without attachments) is attached as **Exhibit C**.

## DIVERSITY JURISDICTION

6. A district court has original jurisdiction over civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states, pursuant to 28 U.S.C. § 1332(a).

2

7. In the Complaint, Plaintiffs do not set forth a specific amount of damages claimed against Vivint, however, on May 29, 2026, Plaintiff's counsel signed a stipulation of fact stating that the amount in controversy is in excess of $75,000. *See* Stipulation of Amount in Controversy, attached as **Exhibit D**.

8. Plaintiffs allege that Co-Defendant Jovani Moises Alvelo-Davidiuk ("Jovani") was soliciting Million's neighbors on behalf of Vivint. Ex. A ¶ 18 (Compl.). Plaintiffs further allege that after an altercation with Million, Jovani "ran over [Million's] foot with his segway as he left." *Id.* ¶ 27.

9. Plaintiffs allege that following this altercation, Jovani "made a false verbal report to the Gaston PD claiming that [Million] had impersonated a police officer and assaulted him," *id.* ¶ 31, which led to his arrest, *id.* ¶ 32.

10. Plaintiffs allege that this arrest "jeopardized [Million's] security licenses and clearances[,]" *id.* ¶ 35, and that "several Tailormade clients contacted [Million] to inform him that if [he] was convicted, they would have no choice to cancel their contracts with Tailormade," *id.* ¶ 34.

11. Plaintiffs allege that they suffered "substantial damages," *id.* ¶ 7, including "[Million's] reputation in the corporate security and private security industry [being] damaged, and his reputation among his and Tailormade's clients decreasing[ing]," *id.* ¶ 39, and "such mental anguish and emotional distress that [Million] was unable to sleep in his home, forcing him to move out in August of 2025 and sell his home," *id.* ¶ 42.

12. Further, Plaintiffs allege that Vivint and Jovani's actions "constitute willful, wanton, and malicious conduct . . . . ," *id.* ¶ 73, and that Plaintiffs are "entitled to recover punitive damages," *id.* ¶ 74.

13. Based on these allegations, Plaintiffs make libel *per se*, slander *per se*, negligent infliction of emotional distress, and punitive damage claims against both Vivint and Jovani. *See generally id.*

14. Additionally, Plaintiffs make a negligent hiring, retention and supervision claim against Vivint. *Id.* ¶¶ 61–65.

15. Based on the Stipulation of Amount in Controversy, and Plaintiffs' claims that they suffered "substantial damages, *id.* ¶ 7, and are owed "punitive damages," *id* ¶ 74, the amount in controversy in this matter is in excess of $75,000.

16. Based upon the allegations in Plaintiffs' Complaint, Million is a resident and citizen of Mecklenburg County, North Carolina. Million is therefore a citizen of North Carolina for purposes of diversity jurisdiction.

17. Based on the allegations in Plaintiffs' Complaint, Tailormade is a North Carolina limited liability company with its business in Charlotte, North Carolina. Tailormade is therefore a citizen of North Carolina for purposes of diversity jurisdiction.

18. Vivint is and was at all times relevant hereto, including at the time of the filing of this Notice of Removal and at the commencement of this action against Vivint, a Utah limited liability company with a principal place of business located at 3401 N. Ashton Blvd., Lehi, UT, 84043, and its sole member being a Delaware limited

4

liability company, Vivint Group, LLC. Vivint is therefore deemed a citizen of Utah and Delaware for purposes of diversity jurisdiction.

19. Upon information and belief, Jovani is a resident and citizen of Florida.

20. Therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship amongst the parties, as Plaintiffs are citizens of North Carolina, and Vivint and Jovani are not domiciled in or a residents of North Carolina.

21. This lawsuit is, therefore, a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

**VENUE**

22. Removal to the United States District Court for the Western District of North Carolina is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in Gaston County, North Carolina, and the events giving rise to the claims in the Complaint occurred in this District.

23. In accordance with Local Rule 73.1, Vivint will serve on all parties the Court's Case Assignment Notice and associated forms, including the Notice of Availability of a Magistrate Judge to Exercise Jurisdiction, the Joint Stipulation of Consent, and the Certification and Report of F.R.C.P. 26(f) Conference and Discovery Plan.

5

**\* \* \***

WHEREFORE, Defendant Vivint, LLC respectfully requests that Case No. 26CV003364-350 be removed from the General Court of Justice, Superior Court Division, of the County of Gaston, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division. A civil cover sheet is being filed contemporaneously with this notice of removal

Respectfully submitted this 29th day of May, 2026.

**POYNER SPRUILL LLP**

By:   /s/ Stephanie L. Gumm
Stephanie L. Gumm
NC State Bar No. 53485
sgumm@poynerspruill.com
P.O. Box 1801
Raleigh, NC 27602-1801
Tel: (919) 783-2819
Fax: (919) 783-1075

*Counsel for Defendants Vivint, LLC*

## CERTIFICATE OF SERVICE

I certify I have electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel and parties of record. I also certify I have served a copy of the foregoing document by U.S. Mail, postage prepaid, and by electronic mail addressed as follows:

J. Alexander Heroy
Jennifer M. Houti
JAMES, McELROY & DIEHL, P.A.
525 N. Tryon Street, Suite 700
Charlotte, NC 28202
aheroy@jmdlaw.com
jhouti@jmdlaw.com

*Counsel for Plaintiff*

This 29th day of May, 2026.

/s/ Stephanie L. Gumm
Stephanie L. Gumm